# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| STARBOARD WITH CHEESE, LLC, a Florida limited liability company, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 19-CV-3269 ) |
| BARRYVIEW, INC., an Illinois corporation, and CIETEN, INC., an Illinois corporation, | ) ) ) ) ) |
| Defendants. | ) ) |

## OPINION

**SUE E. MYERSCOUGH, U.S. District Judge.**

This cause is before the Court on Defendants Barryview, Inc. and Cieten, Inc.'s Motion to Dismiss (d/e 9). Because the Complaint states a claim upon which relief can be granted, the Motion to Dismiss is DENIED.

## I. BACKGROUND

In November 2019, Plaintiff, Starboard With Cheese, LLC filed a four-count Complaint against Defendants, alleging causes of action for breach of contract (Count I), specific performance (Count II), injunctive relief (Count III), and declaratory judgment (Count

IV).  Compl., d/e 1.  The following facts are taken from Plaintiff's complaint, which the Court construes in the light most favorable to Plaintiff.

The leased property at issue in this dispute is a Wendy's Old Fashioned Hamburger Restaurant ("Wendy's").  Compl. ¶ 9.  Barryview and Cieten entered into a lease for the Wendy's with Rainmaker Management, Inc. in 1994.  Id. at ¶ 7.  In 2004 Barryview and Rainmaker entered into a second lease, with the owner of Rainmaker, James May, joining the lease as a guarantor.  Id. at ¶¶ 8, 10.

On March 30, 2015, Barryview, Cieten, and Rainmaker entered into an assignment and assumption of the Leases to Starboard.  Id. at ¶ 11.  All rights, title, interest, and obligation in the leases were assigned to Starboard by Rainmaker.  Id. at ¶ 12.  Barryview and Cieten—referred to collectively as "Landlords" in the assignment—consented to the assignment.  Id. at ¶ 13.  Both leases and all modifications to the leases were incorporated into the assignment.  Id. at ¶ 14.

Paragraph 26 of the Lease—titled "Sale of Leased Premises" provides as follows:

> In the event Lessor receives a bona fide third party offer to purchase the leased premises, Lessor shall first offer to sell the leased premises to Lessee upon the same terms and conditions as the bona fide offer. Lessor shall make such offer to Lessee in writing in accordance with paragraph 18 hereof. Lessee shall then have 30 days to accept Lessor's offer. If Lessee fails to accept Lessor's offer to sell within 30 days of receipt of notice thereof, this Right of First Refusal shall terminate.

Id. at ¶ 15; Lease Agreement ¶ 26.

On or about May 29, 2019, May made an offer ("the first offer") to purchase a parcel of land which included the Wendy's. Compl. ¶ 16. Barryview and Cieten did not first offer the proposed transaction to Starboard, id. at ¶ 17, rather May contacted Starboard offering to sell Starboard the Wendy's, id. at ¶ 18. Starboard contacted Barryview and Cieten to determine if they were considering selling the Wendy's and to remind Barryview and Cieten of Starboard's right of first refusal in the lease agreement. Id. at ¶ 19.

On or about November 7, 2019, Barryview and Cieten forwarded to Starboard an offer to purchase the Wendy's under Starboard's right of first refusal, in the form of a Contract for Deed signed by May ("the second offer"). Id. at ¶ 20. After Starboard received the second offer, Starboard sent Barryview, Cieten, and

May a litigation hold letter. Id. at ¶ 21. Starboard discovered the terms of the first offer on or about November 13, 2019. Id. at ¶ 22. Starboard filed this suit on November 21, 2019. On January 13, 2020, Defendants filed the Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) that is now before the Court.

## II. LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. Christensen v. Cty. Of Boone, 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendants fair notice of the claims. Tamayo v. Blagojevich, 526 F.3d 1074, 1081 (7th Cir. 2008).

When considering a motion to dismiss under Rule 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true and construing all reasonable inferences in the plaintiff's favor. Id. However, the complaint must set forth facts that plausibly demonstrate a claim for relief. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual

content from which the Court can reasonably infer that the defendant is liable for the misconduct alleged.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action.  Id.

### III. JURISDICTION

This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  Plaintiff is a limited liability company formed and existing under the laws of the State of Florida and with its principal place of business in Florida.  Compl. ¶ 1.  Defendants are corporations formed and existing under the laws of the State of Illinois with their principal places of business in Illinois.  Id. at ¶¶ 3-4.  Plaintiff seeks money damages in excess of $75,000.  Id. at ¶ 5.

Venue is proper because the parties agreed that Adams County would be the proper venue for any action or proceeding arising out of the Lease Agreement.  Lease Agreement ¶ 28, d/e 1-2; see also CDIL-LR 40.1(B) (cases arising in Adams County are to be filed at Springfield); Muzumdar v. Wellness Int'l Network, Ltd., 438 F.3d 759, 762 (7th Cir. 2006) ("where venue is specified with mandatory or obligatory language, the clause will be enforced")

(citing <u>Paper Express, Ltd. v. Pfankuch Maschinen GmbH</u>, 972 F.2d 753 (7th Cir. 1992)).

## IV. ANALYSIS

In the Motion to Dismiss, Defendants argue the Court should dismiss the Complaint in its entirety for failure to state a claim upon which relief can be granted.  Specifically, Defendants argue that both the first and second offers were not from a third party and that the first offer was not bona fide, that Starboard received an opportunity to purchase the Wendy's under its right of first refusal, making the issue moot, and that Starboard fails to allege any harm resulting from Defendants' actions.

In order to trigger Starboard's right of first refusal in the lease agreement, there must be a "bona fide third party offer to purchase the leased premises."  <u>See</u> Lease Agreement ¶ 26.  Defendants argue first that neither of May's offers triggered Starboard's right of first refusal because Defendants contend May is not a third party. Def.'s Mem. Law Supp. Mot. to Dismiss 5, d/e 10.  Defendants further argue that the first offer was not bona fide because the offer was contingent on May's ability to obtain financing.  <u>Id.</u> at 6.

The parties have not cited any direct authority on the issue of whether a guarantor qualifies as a third-party purchaser in this particular context, and the Court has not been able to identify any. Defendants cite to In Re Estate of Siedler, 2019 IL App (5th) 180574, ¶¶ 26-27, for the proposition that in Illinois, "a *bona fide* offer from a third party means an offer from a 'stranger' to the lease." Defendants then go on to argue that May as a guarantor was not a stranger to the lease.

Black's Law Dictionary defines a 'stranger' as "someone who is not a party to a given transaction; esp[ecially], someone other than a party or the party's employee, agent, tenant, or immediate family member" or "[o]ne not standing toward another in some relation implied in the context; esp[ecially], one who is not in privity." Black's Law Dictionary (11th ed. 2019). Likewise, Black's Law Dictionary defines 'third party' as "[s]omeone who is not a party to a lawsuit, agreement, or other transaction but who is usu[ally] somehow implicated in it; someone other than the principal parties."

Here, Starboard alleges that May contacted Starboard to offer to sell Starboard the Wendy's. See Compl. ¶ 18. Both the first and

second offers May made were made in May's individual capacity, and not by Rainmaker. See Agreement for Sale and Purchase of Real Property, d/e 1-3; Contract for Deed, d/e 1-4. May is not a party to the lease agreement or to the assignment, and while May might be implicated as a guarantor, May's personal guarantee is a separate contract. Considering the plain and ordinary meaning of the words used, the Court cannot say that May is not a third party for purposes of triggering Starboard's right of first refusal. See Deckard v. Gen. Motors Corp., 307 F.3d 556, 564 (7th Cir. 2002) (holding defendant was a stranger to the contract because defendant "was not involved in the drafting of the agreements, did not sign the agreements and was not in privity with any of the parties that did so") (citing Black's Law Dictionary 1421 (6th ed. 1990)).

    Defendants also argue that May's first offer was not a bona fide offer because the offer was contingent on securing financing which never materialized. Def.'s Mem. Law Supp. Mot. to Dismiss 6. Defendants, however, reach beyond the four corners of the complaint and the attached exhibits, stating that May was unable to secure the financing necessary to purchase the larger parcel of

land contemplated in the first offer. Construing only the allegations contained in the complaint in the light most favorable to Starboard as the Court must do at this stage, Starboard has alleged that the first offer was bona fide. The eventual outcome of the financing is not a fact alleged in the complaint, and the Court declines to treat the instant motion to dismiss as a motion for summary judgment. See Fed. R. Civ. P. 12(d).

Defendants argue next that Starboard was given the opportunity to purchase the Wendy's but declined to do so. Def.'s Mem. Law Supp. Mot. to Dismiss 7. Defendants contend that, as a result, Plaintiff has not suffered any damages, rendering the issue moot. Id. Defendants argue that the Complaint should be dismissed because the Complaint does not allege any damages. Id. at 8.

In Count I of the Complaint (Breach of Contract) Starboard alleges that Defendant's breach has "either directly or proximately caused Starboard to sustain damages in an amount to be proven at trial . . . ." Compl. ¶ 29. Starboard has alleged damages—in an amount to be proven at trial—and while it is difficult for the Court to ascertain at this stage of the litigation what those damages may

be, the Court does not need to do so at this stage. Money damages may be an available remedy for the failure to honor a right of first refusal in a breach of contract action in the alternative to the equitable relief Starboard seeks. See Miller v. LeSea Broad., Inc., 87 F.3d 224, 230-231 (7th Cir. 1996).

Defendant's contention that Starboard has not suffered any damages as a result of Defendants' alleged breach is in essence a denial of Starboard's claim. And while Starboard's lack of damages may be an affirmative defense, affirmative defenses are not ordinarily grounds for dismissal under Federal Rule of Civil Procedure 12(b)(6). See U.S. Gypsum Co. v. Indiana Gas Co., 350 F.3d 623, 626 (7th Cir. 2003). Dismissal in such instances is only appropriate where "the existence of a valid affirmative defense is so obvious from the face of the complaint that the suit can be regarded as frivolous." Walton Risk Servs., Inc. v. Clarendon Am. Ins. Co., 2005 WL 78951, at *4 (N.D. Ill. Jan. 12, 2005) (citing Walker v. Thompson, 288 F.3d 1005, 1010 (7th Cir. 2002).

The Court cannot say as much here. Starboard's Complaint clearly alleges Defendants breached the lease agreement by failing to convey the first and second offers to Starboard and that

Starboard sustained damages as a result. This is all Federal Rule of Civil Procedure 8(a) requires. Defendants have sufficient notice of the allegations against them.

## V. CONCLUSION

For the reasons stated above, Defendants' Motion to Dismiss (d/e 9) is DENIED. Defendants are DIRECTED to answer the Complaint by and including December 10, 2020.

ENTER: November 30, 2020

FOR THE COURT:

/s/Sue E. Myerscough
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE