E-FILED
Friday, 11 February, 2022  12:26:39 PM
Clerk, U.S. District Court, ILCD

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **STARBOARD WITH CHEESE, LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 19-3269** |
| | ) | |
| **BARRYVIEW, INC. et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION AND ORDER**

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is Plaintiff Starboard with Cheese's ("Starboard") Objection to Magistrate Judge's Opinion on Defendant's Protective Order (d/e 39).  Plaintiff has shown that the Magistrate's Opinion was clearly erroneous.  Accordingly, Plaintiff's Objection is SUSTAINED, and the Magistrate Judge's Opinion on Defendant's Protective Order (d/e 36) is REVERSED.  The Protective Order provided within the Opinion is, accordingly, VACATED.

**BACKGROUND**

This case began on November 11, 2019 when Plaintiff filed its Complaint (d/e 1) against Defendants Barryview, Inc., and Cieten, Inc. (collectively, "Defendants").  On December 9, 2020, Defendants

filed their answer and affirmative defenses. On January 6, 2021, the parties attended a Rule 16 Scheduling Conference, and the Magistrate Judge entered a Scheduling Order setting the pretrial deadlines.  The third paragraph of the Scheduling Order states,

> The parties have until July 6, 2021, to complete fact discovery.  Any written discovery served subsequent to the date of this Order to be served by a date that allows the served party the full 30 days provided by the Federal Rules of Civil Procedure in which to comply.  The parties have until November 8, 2021 to complete expert discovery.  All depositions for discovery or use at trial shall be completed no later than the close of expert discovery.

Scheduling Order (d/e 18).  The expert discovery deadline was extended three times: on August 5, 2021, on September 14, 2021, and on October 21, 2021.  The final expert deadline was set for January 10, 2022.

On November 3, 2021, counsel for Plaintiff sent an email to counsel for Defendants requesting dates on which to take Rule 30(b)(6) depositions of Defendants' corporate representatives. Defendants did not provide any dates, stating that they believed the deposition timeline to have closed when fact discovery closed on July 6, 2021.  On November 24, 2021, counsel for Plaintiff served notices to take the depositions in December 2021.  On November

29, 2021, counsel for Defendant sent a letter to counsel for Plaintiff in which Defense counsel requested Plaintiff withdraw the notices, again citing the July 6, 2021 fact discovery deadline.  When Plaintiff did not withdraw the notices, Defendant filed a Motion for a Protective Order (d/e 34) on December 3, 2021.  The Magistrate Judge granted that motion in a written Opinion (d/e 36), barring Plaintiff from compelling Defendants' corporate representatives to sit for depositions because, in the Magistrate Judge's view, the deadline for non-expert depositions was the same as the deadline for fact discovery: July 6, 2021.  Plaintiff now appeals, the Opinion is reversed, and the Protective Order is vacated.

## ANALYSIS

As the Opinion to which Plaintiff has objected is a pretrial, non-dispositive motion, the Court's analysis is governed by Rule 72(a) of the Federal Rules of Civil Procedure and Section 363 of the Federal Magistrates Act ("FMA").  Domanus v. Lewicki, 742 F.3d 290, 295 (7th Cir. 2014); see 28 U.S.C. § 636(b)(1)(A).  Under both Rule 72(a) and the FMA, the Court "reviews magistrate-judge discovery decisions for clear error."  Id.  "The clear error standard means that the [Court] can overturn the magistrate judge's ruling

only if the [Court] is left with the definite and firm conviction that a mistake has been made." Weeks v. Samsung Heavy Indus. Co., 126 F.3d 926, 943 (7th Cir 1997).

Plaintiff argues that the Magistrate's Opinion was erroneous because Defendant's Motion for Protective Order was untimely, arguing that Defendants could not refuse to appear for the requested December depositions while the Motion for Protective Order was pending. Plaintiff also argues that the last sentence of paragraph three of the Scheduling Order, reading, "All depositions for discovery or use at trial shall be completed no later than the close of expert discovery," is controlling over all depositions while the first and third sentences, reading, "The parties have until July 6, 2021, to complete fact discovery," and "The parties have until November 8, 2021 to complete expert discovery," respectively, only control non-deposition discovery. The Magistrate disagreed, ruling that the final sentence regarding depositions "does not vitiate the first sentence of the paragraph." Op. (d/e 36). The Magistrate ruled that the first sentence regarding fact discovery included a deadline for non-expert depositions while the final sentence set an absolute deadline for all other depositions. Id. Under that reading,

Plaintiff's notices to take depositions were untimely because they were filed after July 6, 2021, so the Magistrate granted Defendants' Motion for a Protective Order.

The Magistrate Judge's Opinion is reversed for two reasons. First, Plaintiff's understanding of the Scheduling Order was reasonable because the language of the Order is, at best, confusing. The Scheduling Order set a deadline for the end of fact discovery, July 6, 2021, and a separate deadline for the end of expert discovery, November 8, 2021.  The Magistrate Judge interpretated the last sentence of paragraph three of the Scheduling Order to be a catch-all absolute deadline for any and all depositions notwithstanding the deadlines of July 6, 2021 for all fact discovery and November 8, 2021 for all expert discovery.

However, the only deadline which explicitly refers to depositions is the deadline set in the last sentence of paragraph three of the Scheduling Order, which sets "[a]ll depositions" as due "no later than the close of expert discovery."  Nowhere else in the Scheduling Order is a deposition deadline specifically set.  Neither the fact discovery deadline nor the expert discovery deadline even mention depositions.  Instead, the only specification of what fact

discovery is included in the July 6, 2022 deadline comes from the second sentence of that paragraph, which states "[a]ny written discovery served subsequent to the date of this Order [is] to be served by a date that allows the served party" 30 days in which to comply with the served written discovery.  Scheduling Order (d/e 18) ¶ 3 (emphasis added).  If anything, then, the fact discovery deadline of July 6, 2022 was specific to written discovery, not depositions.  Viewing the Scheduling Order as a whole, it was reasonable for Plaintiff to interpret the Scheduling Order as applying the July 6, 2022 deadline to only written discovery and allowing depositions up to the date of the close of expert discovery. While the expert deadline was originally set for November 8, 2021, that deadline was extended three times to January 10, 2022.  As such, Plaintiff's request to depose Defendants' corporate representatives was timely.

Second, Defendants failed to show good cause warranting a protective order.  Under Rule 26(c) of the Federal Rules of Civil Procedure, the Court may, for good cause, enter a protective order protecting a party from "annoyance, embarrassment, oppression, or undue burden or expense" as a result of sitting for a deposition.

"To determine whether a party has shown good cause, the [Court] must balance the parties' interests, taking into account the importance of disclosure to the nonmovant and the potential harm to the party seeking the protective order." <u>Calhoun v. City of Chicago</u>, 273 F.R.D. 421, 422 (N.D. Ill. 2011).

Here, Defendants have not shown good cause to grant their Motion for Protective Order because the balance of interests tilts in favor of denying the Motion.  The importance of disclosure to Plaintiff outweighs the potential harm to Defendants, as Plaintiff's requested depositions of Defendants' corporate representatives are likely material to this breach of contract suit.  Moreover, as stated above, Plaintiff reasonably interpreted an ambiguous Scheduling Order to allow for depositions until the end of expert discovery.  The balance of interests, therefore, weighs in favor of allowing the depositions and vacating the Protective Order.  As a result, the Court finds that Defendants have not shown good cause for allowing the Protective Order and that the Magistrate's Opinion (d/e 36) is in clear error.

## CONCLUSION

Because Defendants have not shown good cause to allow the

Protective Order, Plaintiff's Objection (d/e 39) is SUSTAINED, the

Magistrate Judge's Opinion (d/e 36) is REVERSED, and the

Protective Order attached therein is VACATED.

**IT IS SO ORDERED.**
**ENTERED: February 11, 2022.**
**FOR THE COURT**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**