**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | |
|---|---|
| **STARBOARD WITH CHEESE, LLC** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v.  ) <br> ) <br> **BARRY VIEW, INC.; and** ) <br> **CIETEN, INC.;** ) <br> ) <br> ) <br> **Defendants.** ) | Case No.  19-cv-03269 |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court are Defendants' Barry View, Inc., ("Barry View"), and Cieten, Inc. ("Cieten") Motion to Quash and Avoid Lis Pendens and to Authorize Issuance of Deed (d/e 22) and Substitute Motion for Summary Judgment (d/e 56) and Plaintiff Starboard With Cheese, LLC's ("Starboard") Renewed and Consolidated Motion for Partial Summary Judgment (d/e 57) and Motion for Sanctions and to Deem Certain Facts Admitted (d/e 58). Given that all four motions address the same underlying disputes of material fact, the Court is ruling on them simultaneously.

The Court finds that Defendants breached their contractual obligation to provide Starboard the opportunity to exercise its right of first refusal.  However, the Court further finds that triable issues of fact remain as to the damages sustained by Starboard.  Therefore, Defendants' Motion to Quash and Avoid Lis Pendens and to Authorize Issuance of Deed and Substitute Motion for Summary Judgment are both DENIED, and Plaintiff Starboard's Renewed and Consolidated Motion for Summary Judgment is GRANTED IN PART and DENIED IN PART. Plaintiff's Motion for Sanctions and to Deem Certain Facts Admitted is DENIED.

## I.   FACTS

The Court draws the following facts from the parties' Local Rule 7.1(D)(1)(b) statements of undisputed material facts.  The Court discusses any material factual disputes in its analysis.  Immaterial facts or factual disputes are omitted.  Any fact submitted by any party that was not supported by a citation to evidence will not be considered by the Court.  See Civil LR 7.1(D)(2)(b)(2).  In addition, if any response to a fact failed to support each allegedly disputed fact with evidentiary documentation, that fact is deemed admitted.  Id.

In November 2019, Plaintiff Starboard With Cheese, LLC ("Starboard") filed a four-count Complaint against Defendants Barry View, Inc. ("Barry View") and Cieten, Inc. ("Cieten"), alleging causes of action for breach of contract (Count I), specific performance (Count II), injunctive relief (Count III), and declaratory judgment (Count IV).  Compl., d/e 1.

Cieten owns a plot of land containing several parcels in Barry, Illinois.  On May 20, 1995, Cieten leased one of those parcels to Barry View which was then improved with a Wendy's fast food restaurant ("Wendy's parcel").  On September 1, 2004, Barry View as lessee, subleased the restaurant business assets, Wendy's franchise rights, real property, and building to Rainmaker Management, Inc. ("Rainmaker") "Sublease," d/e 56, Ex. 2.  This Sublease included a provision which stated that, if the Lessor received "a bonafide third party offer to purchase the leased premises," Lessor would "first offer to sell the leased premises to Lessee upon the same terms and conditions as the bonafide offer." d/e Ex. 2 ¶ 26.  Lessee would have 30 days to accept the offer. Adjoining the Wendy's parcel is a second adjoining parcel improved

with a gas station and convenience store, referred to as the "Barry Travel Plaza."

On May 31, 2019, Cieten entered into a contract to sell the Wendy's parcel as well as the adjoining Barry's Travel Plaza property to James P. May ("May"), Rainmaker's individual owner and a guarantor of the sublease, for a purchase price of $2,500,000 ("First Offer"). The purchase price was not allocated between the parcels, and the offer was subject to several contingencies including that, within 15 days of the contract's effective date, the buyer obtain financing for the purchase. May's application for financing was denied, and the sale did not close, with title to both parcels remaining with Cieten.

Cieten and May then continued negotiations, involving drafts of a lease-to-own agreement covering both the Wendy's property and Barry Travel Plaza for a total price of $2,500,000. In advance of the November 1, 2019 effective date, May contacted Starboard to make arrangements for payment of rent, and Starboard responded by asserting its right of first refusal. Cieten and May then split up the transaction and agreed to a lease-to-own agreement for the Barry Travel Plaza for a purchase price of $1,500,000 and a

Contract for Deed for the Wendy's property constituting the Third Offer. The Contract for Deed was entered into, on November 7, 2019, for the sale of the Wendy's property for the price of $1,000,000. The transaction under the Third Offer did not close, and title remains with Cieten.

## II. LEGAL STANDARD

Summary judgment is proper if the movant shows that no genuine dispute exists as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the Court of the basis for the motion and identifying the evidence the movant believes demonstrates the absence of any genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

On that evidence, the Court must determine whether a genuine dispute of material facts exists. A genuine dispute of material fact exists if a reasonable trier of fact could find in favor of the nonmoving party. Carroll v. Lynch, 698 F.3d 561, 564 (7th Cir. 2012). When ruling on a motion for summary judgment, the Court must construe facts in the light most favorable to the nonmoving

party and draw all reasonable inferences in the nonmoving party's favor. Woodruff v. Mason, 542 F.3d 545, 550 (7th Cir. 2008).

These standards for summary judgment remain unchanged when considering cross-motions for summary judgment: the Court must "construe all inferences in favor of the party against whom the motion under consideration is made." Oneida Nation v. Vill. of Hobart, Wis., 371 F. Supp. 3d 500, 508 (E.D. Wis. 2019) (quoting Metro. Life Ins. Co. v. Johnson, 297 F.3d 558, 561–62 (7th Cir. 2002)).

### III.   ANALYSIS

**1. Barry View and Cieten are liable for breach of contract.**

In Illinois, "[i]n order to plead a cause of action for breach of contract, a plaintiff must allege: (1) the existence of a valid and enforceable contract; (2) substantial performance by the plaintiff; (3) a breach by the defendant; and (4) resultant damages. Only a duty imposed by the terms of a contract can give rise to a breach." W.W. Vincent & Co. v. First Colony Life Ins. Co., 351 Ill.App.3d 752, 286 Ill.Dec. 734, 814 N.E.2d 960, 967 (2004); see also Ollivier v. Alden, 262 Ill.App.3d 190, 199 Ill.Dec. 579, 634 N.E.2d 418, 422

(1994) TAS Distrib. Co. v. Cummins Engine Co., 491 F.3d 625, 631 (7th Cir. 2007).

Here, the parties do not dispute the existence of a valid and enforceable contract, nor substantial performance on the part of Starboard. Defendants make two arguments for why they did not breach: 1) that the First Offer was not a bona fide offer, so Defendants had no contractual obligation to convey it and 2) that because both the First and Second offers involved the purchase of property not subject to Plaintiff's right of first refusal and the property was never actually sold, Starboard suffered no damages. This Court finds neither argument compelling.

A) <u>The First Offer was bona fide.</u>

A bona fide offer, under Illinois law, must meet the "ready, willing, and able" standard. (See Western Pride Builders, Inc. v. Zicha (1974), 23 Ill.App.3d 770, 320 N.E.2d 181; Greenwald v. Marcus (1954), 3 Ill.App.2d 495, 123 N.E.2d 139.) In order to meet this standard, the purchaser must be able to command, in his own name, the funds necessary to perform the offer. (Epstein v. Howard (1955), 5 Ill.App.2d 553, 126 N.E.2d 162; William C. Bender & Co. v. Tritz (1949), 338 Ill.App. 661, 88 N.E.2d 519.)

While it is true that a purchaser must command the funds at the time payment is required under the terms of the contract, "a purchaser need not have command over the needed funds at the time an offer is made." <u>Lake Shore Club of Chicago v. Lakefront Realty Corp.</u>, 79 Ill. App. 3d 918, 924, 398 N.E.2d 893, 898 (1979).

In this case, by May 31, 2019, James P. May and Defendants had signed an Agreement for Sale and Purchase of Real Property and May had also deposited the earnest money required under the offer into the escrow account. These are steps that are taken only in the presence of and well after the establishment of a bona fide offer. Tellingly, similar to Starboard, the Barry Travel Plaza's tenant also possessed a right of first refusal. Defendants did in fact convey the First Offer to the Barry Travel Plaza's tenant under its right of first refusal. Defendants' position was that although the First Offer included both the Wendy's Property and the Barry Travel Plaza, as a legal matter, they had the obligation to convey the First Offer to the Barry Travel Plaza's tenant. Defendants' failure to convey this bona fide offer to Starboard was a breach of contract.

B)    Starboard suffered damages as a result of Defendants' failure to communicate both the First and Second offer.

A right of first refusal is a preemptive right in that it is a condition precedent to the sale of property.  Kellner v. Bartman, 250 Ill. App. 3d 1030, 1034, (1993).

A right of first refusal differs from an option in that the holder of the right of first refusal cannot force the sale of property at a stipulated price; the right of first refusal does not arise until the grantor notifies the holder of the right of an offer or contract by a third party.  Id. Oftentimes, a right of first refusal is a right to elect to take specified property at the same price and on the same terms and conditions as are contained in a good-faith offer to purchase made by a third party.  See Vincent v. Doebert, 183 Ill.App.3d 1081, 1083 (1989); Turner v. Shirk (1977), 49 Ill.App.3d 764, 765, 7 Ill.Dec. 461, 462, 364 N.E.2d 622, 623; Ohio Oil Co. v. Yacktman (1976), 36 Ill.App.3d 255, 257, (1976).

Illinois law is clear that the lessee of a small tract that is a part of a larger tract **does** have the right to a remedy, under a right of first refusal contained in the lease, if the lessor chooses to sell

the larger tract and does not attempt to separate out the smaller tract.  Retreat v. Bell, 296 Ill. App. 3d 450, 456, 695 N.E.2d 892, 896 (1998).  This is precisely what has happened here.  To allow "the owner of the whole to by-pass the optionee merely by attaching additional land to the part under option would render nugatory a substantial right which the optionee had bargained for and obtained.'" Costello v. Hoffman, 30 A.D.2d 530, 532, 291 N.Y.S.2d 116, 118 (1968), quoting Guaclides v. Kruse, 67 N.J.Super. 348, 359, 170 A.2d 488, 495 (1961).  Defendants' claims that Starboard suffered no damages whatsoever are misguided, at best, and misleading at worst.  Defendants here chose to package a larger parcel of land together with a smaller parcel into a single deal and then failed twice to communicate two separate offers to Starboard, while being fully aware that a right of first refusal existed on at least the other parcel.  These facts do not reflect a strong sense of good faith and fair dealing. Whether or not a final sale took place is irrelevant; Starboard cannot be expected to wait for a final sale and suffer even more damages before bringing suit. Defendants argument that Starboard suffered no damages because a final sale did not take place fails as a matter of law, because Starboard's

injury is tied directly to Defendants not providing Starboard an opportunity to exercise its contractual right of first refusal by failing to communicate a bona fide third party offer.

2. **Triable issues of fact remain as to the appropriate damages**

The normal remedy for breach of contract is an award of damages. Specific performance is exceptional. See Walgreen Co. v. Sara Creek Property Co., 966 F.2d 273 (7th Cir. 1992); Great Central Ins. Co. v. Insurance Servs. Office, Inc., 74 F.3d 778, 784 (7th Cir. 1996). The exception comes into play when damages are an inadequate remedy, whether because of the defendant's lack of solvency or because of the difficulty of quantifying the injury to the victim of the breach. The latter condition is often satisfied when the specific performance sought is the sale of an entire business. See, e.g., Medcom Holding Co. v. Baxter Travenol Laboratories, Inc., 984 F.2d 223, 227 (7th Cir. 1993). And, of course, if the buyer has made a contract to resell the property and would be in breach unless he obtained specific performance, this favors specific performance. Texaco v. Creel, 310 N.C. 695, 314 S.E.2d 506, 512 (1984). However, Defendants correctly point out, no sale has been

made of the disputed parcel of land. Specific performance is, thereby, denied, given the fact that the First and Second Offers were for a larger parcel of land on which Starboard did not possess any right of first refusal.

The proper remedy in a case where title to the larger parcel has already passed may be to compel a reconveyance of the leased premises and grant an injunction barring its sale to anyone other than the grantee of the option.  Tarallo v. Norstar Bank, 534 N.Y.S.2d 485, 487 (1988).  However, title has not passed here, and there exists no transaction at this time which this Court must prevent from occurring.  Injunctive relief is therefore denied.

The parties have attempted to split this transaction up amongst the two parcels. Cieten and May agreed to a lease-to-own agreement for the Barry Travel Plaza for a purchase price of $1,500,000 and a Contract for Deed for the Wendy's property which the parties referred to as the Third Offer. The Contract for Deed was entered into and forwarded to Starboard, on November 7, 2019, for the sale of the Wendy's property for the price of $1,000,000, and it was contingent on Starboard failing to exercise its right of first refusal. Starboard did not accept the offer to purchase the Wendy's

property within 30 days of the notice of the Contract for Deed, and filed suit instead, arguing that the Third Offer included Starboard's equipment and thereby inflated the purchase price. Defendants argue that an appraisal completed by Starboard's own expert retained in this matter valued the Wendy's property at $1.0-$1.2 million in 2021, without equipment, and opined that the property appreciated by $70,000-$140,000 since 2019 (d/e 56). In light of these factual disputes, this Court finds that the appropriate valuation of the portion of the property to which Starboard possesses a right of first refusal remains a triable issue of material fact.

### IV.   CONCLUSION

In sum, Starboard has shown that, as a matter of law, Defendants Ceiten and Barry View breached their contract with Starboard.   However, triable issues remain on damages. Accordingly, Defendants' Motion to Quash and Avoid Lis Pendens and to Authorize Issuance of Deed (d/e 22) and Motion for Summary Judgment (d/e 56) are both DENIED.   For the same reasons, Plaintiff's Motion for Partial Summary Judgment (d/e 57) against Defendants is GRANTED IN PART and DENIED IN PART

and Plaintiff's Motion for Sanctions and to Deem Certain Facts Admitted (d/e 58) is DENIED.

**IT IS SO ORDERED.**
**ENTERED: August 21, 2023**
**FOR THE COURT:**

*/s/ Sue E. Myerscough*
**SUE E. MYERSCOUGH**
**UNITED STATES DISTRICT JUDGE**